## THIRD DEPARTMENT, NOVEMBER, 1965

### (November 1, 1965)

■ In the Matter of the Claim of THOMAS DAVIS et al., Appellants. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— *Per Curiam.* Eighteen claimants appeal from a decision of the Unemployment Insurance Appeal Board disqualifying them for benefits upon the ground of "misconduct in connection with [their] employment" (Labor Law, § 593, subd. 3). A cross appeal taken by the employer with respect to two other claimants has been discontinued. Claimants were employees of the General Electric Company at its various plants in and about Syracuse, New York, and all were members of Local 320, International Union of Electrical Workers of America, AFL–CIO,

their duly certified bargaining agent. A subsisting collective bargaining agreement expired on September 30, 1960 and a strike was called on the following day. The incidents of misconduct resulting in the denial of benefits occurred at or about the entrances of the employer's plants during its course. Appellants first argue that the word "employment" as used in subdivision 3 of section 593 of the Labor Law is limited by the definition of employment contained in subdivision 1 of section 511 thereof which reads: "'Employment' means any service under any contract of employment for hire, express or implied, written or oral." Upon the premise that no agreement existed between the employer and the employees when the conduct found by the board to work a forfeiture of benefits was committed, they rationalize that their activities as unemployed striking workmen cannot be viewed as connected with their employment within the contemplation of the statute. To limit the operation of the statute to those acts commited while at work or to those which rendered the work impossible of performance, for which claimants contend, obviously would put other incidents of misconduct, however palpable, beyond the reach of its disqualifying provisions. This, we think, the Legislature did not intend. We do not agree that the board's finding of misconduct prejudicial to the interests of the employer and independent of claimants' mere participation in the strike raised a Federal pre-emption, either jurisdictionally or procedurally, of the right of State agencies to administer the State's Unemployment Insurance Law. Appellants' additional contentions resting on the remedial purpose of the Unemployment Insurance Law, the alleged denial of the constitutional right of due process and the corroborative importance of the appeals taken but withdrawn by the employer are without merit. Decision affirmed, without costs. Herlihy, Reynolds, Taylor and Hamm, JJ., concur; Gibson, P. J., concurs in the result.